LEE CYPRESS COMPANY, a Delaware Corporation, v. A. C. HENDRY, as Tax Collector of Taylor County, Florida, and J. M. LEE, as Comptroller of the State of Florida.

21 So. (2nd) 351 January Term, 1945
March 16, 1945 En Banc

*Milam, McIlvaine & Milam,* for appellant.

*T. J. Swanson* and *Lewis H. Tribble,* for appellees.

BUFORD, J.:

Appeal brings for review order quashing temporary writ of injunction and dismissing bill of complaint.

The suit was to enjoin the collection of a tax assessment on tangible personal property assessed at a total valuation of $221,380.00, assessed as the property of Lee Cypress Company, a Delaware Corporation, for the year 1943. The property had originally belonged to Burton-Swartz Cypress Company of Florida. That Company liquidated in 1942 and the title passed to the Atlantic National Bank of Jacksonville, a banking corporation, and Joseph Julier of New York as trustees under the will of Katherine Ella Burton, deceased, and Brooks-Scanlon Corporation, a Delaware Corporation.

Prior to January 1, 1943, all the stock of lumber which constituted a part of the property on which the assessment was laid and which was valued at $192,922.00 had been sold, disposed of and removed from the county. During April, 1943, the then owners sold the remainder of the property involved to Lee Cypress Company. The deed was dated April 1, 1943, but the record shows that it was acknowledged by one of the grantors on the 13th of April, by another on the 14th of April and by the third on the 15th of April, 1943, and was filed for record on the 16th of April, 1943.

The stipulated statement of the testimony offered before the trial court shows that no one made return of the property here involved for the year 1943 and that the assessor made the assessment basing same on the return made by Burton-Swartz Cypress Company for the year 1942. It further shows that Lee Cypress Company prior to April 1943 owned no property in Taylor County and that it had never prior to that

date done any business in said County. This stands undisputed.

Section 3 of Article IX of our Constitution provides that "No tax shall be levied except in pursuance of law."

Section 200.13 Fla. Statutes 1941 (same F.S.A.) provides:

"When tangible personal property tax rolls shall be begun; all tangible personal property to be assessed. No tax return shall be received by the tax assessor after April first of any year for that tax year. Beginning on April first of each year the tax assessor shall begin preparation of his tax roll of tangible personal property and shall cause the same to be completely assessed at its true and just taxable value according to his best information and judgment, and shall complete the same on or before June 1 of that year. The tax assessor shall enter upon and include in said tax roll the name of each and every person, firm and corporation who or which between January first and March first of that year was an inhabitant and/or was doing business in such county, and shall enter upon said tax roll, according to his best knowledge and information, the name of each person, firm or corporation not an inhabitant of the county or not doing business therein who or which between said dates of that year had located in the county tangible personal property, and shall also enter upon said roll all taxable tangible personal property usually kept and located in the county, the ownership of which is unknown to him, provided in the last mentioned case the tax assessor shall give the location of said property if same is known to him."

Under this section the tax assessor is authorized to enter and include in the tax roll only the names of each and every person, firm and corporation who or which between January first and March first of that year was an inhabitant and/or was doing business in such county and to enter upon the said tax rolls according to his best knowledge and information the name of each person, firm and corporation not an inhabitant of the county or not doing business therein who or which between said dates of that year had located in the county tangible personal property and to enter upon the said roll all tangible personal property usually kept and located in the

county, the ownership of which is unknown to him. This section also provides that no tax return shall be received by the tax assessor after April first of any year for that tax year.

Under Section 200.16 Fla. Statutes, 1941 (same F.S.A.), the tax assessor has authority to back assess tangible personal property to the proper owner. Therefore, so much of the personal property here involved as was in existence on January 1, 1943 can be back-assessed for the year.

Section 200.16 further provides: "that tangible personal property acquired in good faith by purchase shall not be subject to assessment for taxes for any time prior to the time of such purchase, but the individual or corporation liable for any such assessment shall continue personally liable for same."

Section 200.30 Fla. Statutes, 1941 (same F.S.A.) provides, inter alia: "all taxes assessed upon tangible personal property from the date such taxes become due, shall have all the force and effect of a judgment and execution at law against the owner of such property, except that the same shall not constitute a lien on the real property of such owner."

Therefore, if this assessment stands, it has the effect of a general judgment and execution at law against Lee Cypress Company, except that it would not be a lien on real estate.

Our conclusion is that the assessment of this tangible property as the property of Lee Cypress Company was without authority of law and was totally void because it was not the property of Lee Cyress Company between January 1, 1943 and March 1 of that year.

So, the judgment is reversed with directions that the temporary injunction be reinstated and made permanent.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.